UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MERYEM ALI | * | CIVIL ACTION |
| VERSUS | * | NO. 23-6692 |
| GARY GENSLER | * | SECTION "R" (2) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Meryem Ali filed a Complaint and *Ex Parte/*Consent Motion for Leave to Proceed *in forma pauperis* on November 3, 2023.  ECF Nos. 2-3.

Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily mandated review.  ECF No. 5.  This November 20, 2023 Order required Plaintiff to file a written response explaining why her Complaint should not be summarily dismissed and setting forth the specific facts upon which she relies to establish a basis for her claim against SEC Chairman Gary Gensler claims, on or before January 3, 2024, in accordance with 28 U.S.C. § 1915(e)(2).  *Id*. Plaintiff failed to file a timely response to the Show Cause Order.  She did, however, file a "Motion Demand to Seal This Entire Case" on December 7, 2023, in which motion she states that her "entire case must be sealed in its entirety.  All documents.  This is non negatable.  I'm not even receiving reply's from your office regarding this case."  ECF No. 7.

I.     **PLAINTIFF'S CLAIMS**

Plaintiff names Gary Gensler, Chairman of the Securities and Exchange Commission, as the defendant in this matter, but the factual basis of Plaintiff's claims is unclear.  The Complaint does not include any facts to support a claim against Gensler.  *See* ECF No. 2 ¶ III, at 4 (Statement of Claim).  Instead, it refers to "the email I sent to you on 9/11/2023" attached as an Exhibit.  A review of the 106-page attachment includes an email addressed to Chair@sec.gov in which

1

Plaintiff seeks to discuss "all the events conducted by CNBC and allowed by the SEC since September 2022 to present day." ECF No. 2-3 at 2. Plaintiff appears to allege that the SEC directed CNBC to unlawfully obtain her personal information and sell same to other networks for entertainment purposes. ECF No. 2-3 at 2. Plaintiff asserts that she has been verbally assaulted, hospitalized, and traumatized by "all the events approved by the SEC," which actions constitute intentional torts. *Id.* at 2-3.

## II.     APPLICABLE LAW AND ANALYSIS

### A. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[1] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[3] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[4]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[5] A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if

---

[1] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[2] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

the complaint alleges the violation of a legal interest which clearly does not exist.'"[6] A court may not dismiss a claim simply because the facts are "unlikely."[7] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[8] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[9]

### B. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "'sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'"[10] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation."[11] Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[12]

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[13] The party seeking the federal

---

[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[7] *Moore*, 976 F.2d at 270 (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[8] *Id.*
[9] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[10] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R. & R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555–57).
[12] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").
[13] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).

forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[14] If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[15]

### III.   ANALYSIS

The basis of Plaintiff's claims against Gary Gensler, Chairman of the Securities and Exchange Commission, is unclear, and Plaintiff has failed to submit any written statement clarifying such claims. The Complaint does not include any facts to support a claim against Gensler but merely refers to "the email I sent to you on 9/11/2023" attached as an Exhibit. *See* ECF No. 2 ¶ III, at 4 (Statement of Claim). The 106-page attachment includes an email addressed to Chair@sec.gov in which Plaintiff seeks to discuss "all the events conducted by CNBC and allowed by the SEC since September 2022 to present day." ECF No. 2-3 at 2.

In Plaintiff's email and other documents included in the attachment, she contends that CNBC has somehow obtained all of her personal information, which she alleges it sold to related entities for entertainment purposes, including the NFL network and Saturday Night Live, which she asserts made skits from video footage taken without her consent. *Id*. She further contends that the SEC "set up this harassment" at her apartment building and "deployed" horrible events to happen to her. *Id*. She states that she was verbally assaulted, hospitalized and traumatized by the events "approved by" the SEC and "acted upon by" CNBC and its affiliates. *Id*. She indicates that her phone is hacked and on display for everyone, and she has to "click a button" on her TV, phone or any computer that she uses. *Id*. Plaintiff also suggests in the email that the FBI and/or the CIA set up this unethical behavior. *Id*.; *see also id.* at 79-82, 91-95.

---

[14] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[15] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).

Plaintiff further writes that this conduct constitutes an intentional tort and violation of her civil rights, and that she is being used for the upcoming 2024 presidential election and to determine whether the oil and gas industry is republican or democrat. *Id*.[16]  She accuses the SEC of racism and hostile environment for not discussing these issues with her. *Id*. at 2-3.  Plaintiff indicates she is "homeless, jobless and without a penny" due to the SEC's employees' refusal to speak with her. *Id*. at 3; *see also id.* at 4-5.  Plaintiff also contends that the SEC has "trafficked her" to receive funds from the oil and gas industry. *Id*. at 8-16; *see also id.* at 6.

Plaintiff's Complaint appears to reflect claims that are fantastical, and she fails to set forth nonfrivolous facts in support of her claims.  Further, Plaintiff filed to file a timely response to the court's Show Cause Order explaining why her claims should not be summarily dismissed as frivolous.  Accordingly, her claims are subject to summary dismissal under § 1915(e)(2)(B) as frivolous and//or for failure to state a claim for which relief can be granted.

In a final effort to provide Plaintiff an opportunity to show cause why her complaint should not be dismissed, I am issuing this Report and Recommendation to the presiding United States District Judge.  Plaintiff is advised that she may object to this Report and Recommendation within fourteen (14) days from the date of service of same.  It is suggested to Plaintiff that any objection should contain a short summary of the reasons why she failed to comply with the court's previous order.  Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Report and Recommendation may, and probably will, result in dismissal of her case.  A party's failure to

---

[16] She appears to have worked with Enbridge, Inc., which is a Canadian pipeline and energy company, before being terminated on February 2, 2023.  *Id.* at 56-57.

5

file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[17]

### IV. CONCLUSION

Plaintiff's Complaint is subject to summary dismissal under § 1915(e)(2)(B) as frivolous and/or for failure to state a claim upon which relief may be granted. Despite being advised that her failure to respond to the Show Cause Order could result in summary dismissal, Plaintiff failed to comply and has not submitted a written statement setting forth the specific facts supporting her cause(s) of action.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff Meryem Ali's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915, § 1915A and as applicable, 42 U.S.C. § 1997e as frivolous and for failure to state a claim for which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this __17th__ day of January, 2024.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[17] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).