UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MERYEM ALI     CIVIL ACTION

VERSUS     NO. 23-6692

GARY GENSLER     SECTION "R" (4)

## ORDER AND REASONS

On November 3, 2023, plaintiff Meryem Ali filed a complaint *pro se* and *in forma pauperis* against defendant Gary Gensler, chair of the United States Securities and Exchange Commission, along with a motion to seal her case.[1] The Court granted in part and denied in part the motion to seal, finding that while plaintiff did not offer any justification for sealing the case sufficient to overcome the "strong public presumption of public access," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), documents attached to the complaint contained sensitive personal, financial, and medical information, and should be sealed.[2] As part of the review mandated by 28 U.S.C. § 1915 for pauper cases, Magistrate Judge Donna Currault issued a show cause order on November 20, 2023, permitting plaintiff to proceed *in forma pauperis*, but ordering the Clerk of

---

[1] R. Docs. 1 & 2.
[2] R. Doc. 4.

Court to withhold issuance of summons pending plaintiff's response explaining why her claims should not be summarily dismissed as frivolous.[3] Plaintiff did not respond to the show cause order, but filed another motion to seal her case on December 7, 2023.[4]

On January 17, 2024, Magistrate Judge Currault issued a Report and Recommendation ("R&R"), recommending that the Court dismiss plaintiff's complaint with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).[5] Plaintiff did not object to the R&R, but filed a third motion to seal her case on January 22, 2024.[6] The Court considers the motions to seal and the R&R recommending dismissal under the pauper statute below.

I. **DISCUSSION**

A. **Motions to Seal**

The Court denied plaintiff's first request to seal her case, but sealed the attachments to the complaint.[7] Plaintiff's subsequent motions to seal do not

---

[3]  R. Doc. 5.
[4]  R. Doc. 7.
[5]  R. Doc. 8.
[6]  R. Doc. 9.
[7]  R. Doc. 4.

present any new evidence or argument, but simply assert that the Court "must" seal the case because plaintiff's "information is continuing to be exploited via the local news."[8] Harm to reputation and embarrassment are not sufficient reasons to seal the case. *See Scott v. Roman Catholic Church Diocese of Baton Rouge*, No. 19-659, 2020 WL 7083973, at *2 (M.D. La. Nov. 18, 2020) (collecting cases). Further, because the action involves a public official, the public interest in access to court records in the case is particularly strong. *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 518 (E.D. La. 2005) ("[T]he public's interest in access to court records 'is particularly legitimate and important where, as in this case, at least one of the parties to the action is a public entity or official.'" (quoting *Marcus v. St. Tammany Parish Sch. Bd.*, No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997))). The Court finds that plaintiff fails to articulate any justification for sealing her case sufficient to overcome the right of public access. The motions to seal must be denied.

### B.   Dismissal Pursuant to Screening Mandate

As part of the screening requirement under 28 U.S.C. § 1915, Magistrate Judge Currault issued an R&R recommending dismissal of

---

8   *See* R. Docs. 7 & 9.

plaintiff's complaint with prejudice as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). No party objected to the R&R. Therefore, the Court reviews the R&R for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error. Accordingly, the Court adopts Magistrate Judge Currault's R&R as its opinion with respect to the dismissal of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

## II. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motions to seal, and ADOPTS Magistrate Judge Currault's R&R as its opinion. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __8th__ day of February, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE